OPINION
{¶ 1} Defendant-appellant, Timothy Akers, appeals the decision made by the Butler County Court of Common Pleas, Domestic Relations Division, to continue his spousal support obligation beyond his retirement. We reverse the judgment for the reasons outlined below.
 {¶ 2} Appellant and plaintiff-appellee, Linda Akers ("Mrs. Akers"), were divorced in 2000. The judgment entry and decree of divorce contained a provision that appellant would pay monthly spousal support to his wife.
 {¶ 3} The divorce decree stated, "The order of spousal support shall commence Friday, May 5, 2000, and shall continue until the retirement of Husband, upon the death of either party, remarriage or cohabitation of Wife, whichever occurs first." The decree also stated that, "[t]he Court specifically reserves jurisdiction to modify the amount during the term, or modify the term upon a change of circumstances."
 {¶ 4} Appellant was 50 years old when he took a voluntary early retirement arrangement from his employer of 29 years in April 2003. As part of his retirement agreement, appellant received from his employer a separation payment equivalent to his annual salary. Appellant would later testify that he was not employed and had no plans to seek employment.
 {¶ 5} Mrs. Akers filed a motion to address spousal support after she learned about appellant's intention to retire and the payout. During a hearing on the matter in May 2003, appellant made an oral motion to terminate spousal support due to his retirement. The trial court found that appellant's voluntary, early retirement did not constitute a change of circumstances for purposes of modifying spousal support and denied the motions of both parties, thereby continuing spousal support as ordered in the divorce decree.
 {¶ 6} Appellant appeals the trial court's decision, setting forth the following assignment of error:
 {¶ 7} "The trial court erred to the prejudice of defendant-appellant when it refused to terminate his spousal support obligation."
 {¶ 8} Appellant argues that the provision in the divorce decree that provides that support continues until retirement should terminate his obligation even though the trial court reserved jurisdiction in the decree to modify the amount or term of spousal support.
 {¶ 9} After reviewing the record, we find appellant's argument persuasive. The trial court reserved jurisdiction to modify the amount of spousal support during the term and to modify the term upon a change of circumstances. The trial court made a specific finding that appellant's retirement did not constitute a change of circumstances. However, the divorce decree in this case also contained language that the term of support "shall continue until appellant's retirement * * *." The decree did not qualify the term "retirement" by retirement age, years of service, or any other limiting condition.
 {¶ 10} While it is for the trial court to decide what its decree allows and requires, Enix v. Enix (Feb. 4, 1993), Montgomery App. No. 13535, the plain language of the decree provides for termination of appellant's spousal support obligation upon retirement. Accordingly, appellant's assignment of error is sustained.
 {¶ 11} Judgment reversed and remanded to the trial court to issue an entry terminating appellant's current spousal support obligation.
Young, P.J., and Powell, J., concur.